# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR

# THE COUNTY OF LINCOLN, MAY TERM, 1831.

---

## SPRINGER vs. The inhabitants of BOWDOINHAM.

In an action against a town for damages occasioned by a defect or obstruction in the highway, it is not necessary to prove that the surveyor or selectmen had notice of the existence of the nuisance, if it were seasonably known to other inhabitants of the town.

Therefore, where a stick of timber was deposited in the highway, on the confines of a village, between one and two hours before sunset, which was seen by several inhabitants of the town, though not known to the selectmen or the surveyor; and in the same evening the plaintiff's chaise wheel struck the timber, whereby he was thrown out and injured; it was held that the town was liable, under Stat. 1821, ch. 118, sec. 17.

What is reasonable notice to a town, of the existence of a nuisance in the highway, is a question of law.

But if a question of law has been erroneously submitted to the decision of the jury, it seems that the court will not, for this cause alone, disturb the verdict, if it appears that they have decided it correctly.

THIS was an action on the case, for the recovery of damages sustained by the plaintiff, by reason of an obstruction placed in one of the principal highways in *Bowdoinham*.

It was proved that in the afternoon of *May* 1, 1828, about an hour and a half or two hours before sunset, one of the inhabitants of *Bowdoinham* left a large stick of hewn timber on the causeway near the village, where the injury was sustained. It was so dropped that the westerly end of the timber extended eleven feet into the road, and upon the usual wheel-track or carriage-path; leaving a space of only thirteen feet between the end of the timber and the other side of the travelled path; the causeway being twenty-six feet wide. The plaintiff was riding towards the east, with another person in his chaise, about dusk; and by running against or over the timber, was either thrown from the chaise, or compelled suddenly to leap from it in order to save himself, by reason of which his ancle was badly fractured.

Several of the inhabitants of the town, as well as others, passed over the causeway after the timber was dropped there, and before dark. The surveyor of highways for that district dwelt about seventy rods from the place; but was not informed of the existence of the obstruction till the next morning. Nor did appear that the fact came to the knowledge of either of the selectmen. It further appeared that on the southerly side of the causeway two masts, of upwards of twenty inches in diameter, had laid for several months, covering about five feet of the causeway in the travelled road; and that the western end of them extended about half way from the eastern to the western end of the stick of timber above mentioned.

The Chief Justice, before whom the cause was tried, instructed the jury to decide, upon the facts before them, how long the timber had laid in the highway, and whether the town, by the nature of the nuisance, and of the means of knowledge which so many of the inhabitants possessed and might have communicated, if necessary, to the surveyor, had not sufficient notice of the incumbrance.

In this stage of the cause he was requested by the counsel for the defendants to give the jury the following instructions upon the point of notice;—

1. That the town was not liable, unless either the surveyor or the selectmen had actual notice of the defect or nuisance, or might have known it by the exercise of reasonable diligence.

2. That under the circumstances of this case, the lapse of time was not sufficient to afford a presumption of notice, and thus to conclude the town.

3. That the notice to the town, required by the statute, does not mean notice to any inhabitant; but that the statute contemplates notice to the surveyor or selectmen, or to some other officer of the town having authority to act in the premises.

But the Chief Justice declined giving these instructions; leaving all the evidence to the jury. And a verdict was returned for the plaintiff, subject to the opinion of the court upon the question whether the jury ought to have been so instructed.

*Greenleaf* and *Jewett*, for the defendants, argued in support of the points taken at the trial; contending that the statute, by requiring reasonable notice to the town, as the condition of its liability, meant something more than notice to any inhabitant, however ignorant or remote. Its language was not satisfied without notice, express or implied, to the proper officers of the town, by whom alone the corporation acts in similar cases. It speaks of notice to the corporations. This position they sustained by the analogies of the pauper laws, where no notice is sufficient unless given to the overseers of the poor; and of the mode of service of writs and process in law, which must formerly have been on a principal inhabitant, which was held to mean a principal officer of the town, and now must be on the town clerk or selectmen. The policy of the legislation on these subjects is that of reason and common sense;—to touch those organs of the corporation through which it perceives. But if notice to any inhabitant is sufficient, this mischief may ensue, that the person notified may be the one most interested in concealing the fact, or in suffering the obstruction to remain. *Lobdell v. New Bedford*, 1 *Mass.* 153; *Jones v. Lancaster*, 4 *Pick.* 149; *Bigelow v. Weston*, 3 *Pick.* 267. The statute giving this remedy is a mere arbitrary regulation, penal in its character, and ought therefore to receive a strict construction. *Mower v. Leicester*, 9 *Mass.* 247; *Commonwealth v. Springfield*, 7 *Mass.* 9.

Springer v. Bowdoinham.

The jury, moreover, should have been instructed to find the facts, from which the court should have determined whether the notice was the reasonable notice to the town, which the statute requires; this being a question of law. *Ellis v. Paige,* 1 *Pick.* 43; *Barre turnp. corp. v. Appleton,* 2 *Pick.* 430; 6 *Pick.* 470; *Hussey v. Freeman,* 10 *Mass.* 84; *Ulmer v. Leland,* 1 *Greenl.* 135; *Davis v. Maynard,* 9 *Mass.* 242; *Wellington v. Gale,* 13 *Mass.* 483; *Attwood v. Clark,* 2 *Greenl.* 249.

*Mitchell,* for the plaintiff.

MELLEN C. J. delivered the opinion of the Court at the ensuing *July* term in *Waldo.*

The present action is founded on the 17th section of *Stat.* 1821, *ch.* 118, as modified by the act of *February* 23d, 1825, by which the double damages mentioned in the former act, are reduced to single damages. In other respects the revised act is similar to the act of Massachusetts on the same subject. We have not been able to find more than one decision directly on the point of reasonable notice; that is, what facts constitute such notice to a town of the nuisance occasioning an injury to an individual. The statute first mentioned renders a town liable for such an injury, after having reasonable notice of the nuisance or defect complained of in a bridge or highway. In the case of *Lobdell v. New Bedford,* 1 *Mass.* 153, which was defended by the late Chief Justice *Parsons,* then at the bar, he contended that either the surveyor or some principal inhabitant should have been notified of the defect. The concessions of such distinguished counsel as to the evidence which he considered sufficient to subject his clients to the payment of double damages are worthy of our regard on this occasion. In the same cause *Sedgwick J.* delivered to the jury what he stated was the opinion of the court, (then consisting of *Strong, Sedgwick, Sewall* and *Thatcher)* viz. " As to the question of reasonable notice, he said he did not think that for every defect, an action on the statute could be maintained; such as sudden defects by floods, &c.; but open and visible defects, and such as could be prevented by common and ordinary

diligence, towns are, by law, bound to take notice of, and guard against." If these are correct principles of law, applicable to an action for double damages, *a fortiori* they are applicable in the present case, where only single damages are claimed and recovered. The incumbrances on the causeway were a nuisance, and the stick of timber which caused the disaster, was placed there by one of the inhabitants; and from one to two hours before sunset, was suffered to lie across a considerable portion of the width of the road, while several other inhabitants of the town, as well as persons belonging elsewhere, were passing and repassing; yet no one attempted to remove it or give notice to the surveyor, who lived in the neighborhood, so to do.

But it is contended that the question of reasonable notice is a question of law, and should not have been submitted to the jury. Admitting this to be a correct principle of law, in those cases where there is no contest as to the facts which must form the basis on which the question must rest, still where there is conflicting testimony, as to those facts, we do not perceive how the court can decide the question of reasonable notice, without trespassing on the province of the jury. It was undoubtedly a question of law whether it was necesssary to prove such notice, as the judge was requested to instruct them to be necessary; and that question he did decide, by declining to give the requested instructions. In so doing, we think he was correct. But even if we thought the question of reasonable notice should not have been submitted, as it was in part, to the jury, there would be no sound reason for setting aside the verdict, inasmuch as we are all of opinion that the facts reported show that the town had reasonable notice.

*Judgment on the verdict.*